Warren E. Colburn and Fletcher A. Tinkham, trading as W. E. Colburn & Company, Defendants in Error, v. Commercial Security Company, Plaintiff in Error.

Gen. No. 20,195.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed January 5, 1915.

## Statement of the Case.

Action in tort in the Municipal Court of Chicago by Warren E. Colburn and Fletcher A. Tinkham, trading as W. E. Colburn & Company, and carrying on the Merchants Exchange Bank, against the Commercial Security Company, a corporation, to recover $120 of the defendant and also to recover other amounts aggregating the sum of $45. The cause was tried before the court without a jury. At the conclusion of the hearing the court announced that the plaintiffs were not entitled to recover any of the amounts aggregating

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

$45, but as to the amount of $120 found the defendant guilty as charged in plaintiff's statement of claim. Judgment was entered on the finding and defendant brought error.

Reference should also be had to the case of *Colburn v. Commercial Security Co.*, 172 Ill. App. 510, where the parties were the same.

JOHN T. Booz, for plaintiff in error.

H. M. MATTHEWS, for defendants in error.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1403*—*what sufficient to support finding.* Where a statement of claim was for money collected by the defendant with notice of the plaintiff's right thereto under a conditional contract of sale of a piano, and the defendant's affidavit of merits admitted the collection, and alleged that the plaintiff elected to sue in trover for the then value of the contract, and obtained a judgment therefor which was paid, and such affidavit only made an issue of law that the plaintiffs were estopped from claiming the $120, and such theory was further evidenced by admissions in open court by the counsel for defendant, the admissions were sufficient to support a finding and judgment against the defendant, though no other evidence was introduced at the trial.

2. ELECTION OF REMEDIES, § 13*—*when suit not barred.* In an action to recover money collected by a defendant with notice of the plaintiffs' right thereto under a conditional contract of sale of a piano, plaintiffs were not estopped from bringing their action by the fact that a prior action in replevin for the possession of the contract had been brought, and because plaintiff- afterwards elected to proceed in trover for the value of the contract, since when plaintiffs commenced their action in replevin they could not have sued for the undesignated money paid on the contract, and since, under the facts, a separate right of action existed as to such money.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.